

444 Cass Street, STE D, Traverse City, MI 49684
855.473.8474 / revisionlegal.com

January 9, 2026

Hon. Fredric Bloc
United States District Court Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201
Courtroom: 13A—South Wing

Subject: CC Brand Holdings, LLC v. Diamonds Painting, Inc. et al., Case No. 1:26-cv-49; Status Update re Scheduling Order and Request for Pre-Motion Conference

Dear Hon. Judge Bloc

    We write on behalf of Plaintiff CC Brand Holdings, LLC in the matter of *CC Brand Holdings, LLC v. Diamonds Painting, Inc. et al.*, Case No. 1:26-cv-49 to again update the Court in response to the Court's scheduling order of January 8, 2026, which required Plaintiff to provide proof of service to the Court by 5:00pm today. Yesterday, Plaintiff attempted to serve the Defendants at the Flushing, New York address listed in their trademark registration and privacy policy, and on prior correspondence with Plaintiff. See ECF 9-3, 9-4, 9-6. Upon arriving at the address, which was a residential house, Plaintiff's process server spoke to the owner of the house who noted that he was familiar with the Defendants but that the Defendants have a registered agent in Wyoming. A copy of the attempted service is attached to this letter.

    In light of Plaintiff's inability to serve the Defendants at this address, Plaintiff has sent a copy of all relevant documents out for service on Defendant Diamonds Painting, Inc.'s registered agent in Wyoming. Due to Mr. Dulzhikov's location in Israel, Plaintiff hereby submits a pre-motion conference request and requests leave to file a motion for alternative service to serve Mr. Dulzhikov via email at his known and operable email address, nik@petslify.com, from which Mr. Dulzhikov previously communicated with Plaintiff. See ECF 9-6.

    Pursuant to Rule 4(e)(1), "an individual… may be served in a judicial district of the United States by… following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In the State of New York, service may be made "in such manner as the court, upon motion without notice directs, if service is impracticable under paragraphs one [personal service], two [leave and mail service][,] and four [nail and mail service.]" *S.E.C. v. HGI, Inc.*, No. 99 CIV. 3866 (DLC), 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999) (citing N.Y. C.P.L.R. § 308(5)). "Although N.Y. C.P.L.R. § 308(5) requires a demonstration of impracticability as to other means of service, it does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Hala v. Anteby*, No. 24-CV-3633-LDH-LB, 2025 WL 2987448, at *4 (E.D.N.Y. Oct. 22, 2025) (citation omitted).

    Here, Plaintiff has attempted to serve Defendants at the address provided in their prior written correspondence, listed in their trademark application, and listed in their website Privacy

Policy. Additionally, Plaintiff has searched for, and has been unable to find, an address for Defendant Dulzhikov. For example, by researching historical WHOIS records associated with the diamonds-painting.us domain name, Plaintiff was able to identify that Mr. Dulzhikov is the registrant of that domain name, is located in Tel Aviv, Israel, has a phone number of +972.0508954031, and an email address of [dnik2023@gmail.com](mailto:dnik2023@gmail.com). Despite this information, and the terms of the ICANN Registrar Accreditation Agreement Section 3.7.7.1, which requires a domain name registrant "to provide to Registrar accurate and reliable contact details… including full name, postal address, email address, and phone number, Defendant Dulzhikov's address is not listed. See [https://itp.cdn.icann.org/en/files/accredited-registrars/registrar-accreditation-agreement-21jan24-en.pdf](https://itp.cdn.icann.org/en/files/accredited-registrars/registrar-accreditation-agreement-21jan24-en.pdf). Due to this, Plaintiff believes that it can show that it would be impracticable to serve Respondent by the other methods of service set forth in N.Y. C.P.L.R. § 308(5).

The Court has the discretion to direct alternative methods of service. *See HGI, Inc.*, No. 99 CIV. 3866, 1999 WL 1021087 at *1 (finding that the court could "direct an alternative method of service" where the plaintiff could not locate a defendant and demonstrated impracticability as to the other methods of service set forth in Section 308). Plaintiff seeks substituted service by email and avers that such service comports with the requirements of due process. Service by email comports with due process "where a [plaintiff] demonstrates that the email is likely to reach the [defendant]." *Vega v. Hastens Beads, Inc*., 110 Fed. R. Serv. 3d 1372, 339 F.R.D. 210, 217 (S.D.N.Y. 2021) (citation omitted). Plaintiff has submitted substantial evidence in support of its Motion for Preliminary Injunction establishing that email service to Defendant Dulzhikov is likely to reach him. See ECF 9-6.

Consequently, Plaintiff respectfully requests that the Court adjourn the hearing on Plaintiff's Motion for Preliminary Injunction scheduled for Monday, January 12, 2026 and grant Plaintiff leave to file a Motion for Alternative Service to serve Defendant Dulzhikov via email.

Sincerely,

John Di Giacomo

**Friday, January 9, 2026 at 12:13:45 PM Eastern Standard Time**

**Subject:** FW: [ServeManager] Job #14931120 Update
**Date:** Friday, January 9, 2026 at 12:10:59 PM Eastern Standard Time
**From:** Samantha Arndt <samantha@revisionlegal.com>
**To:** John Di Giacomo <john@revisionlegal.com>

--

Samantha Arndt
Legal Assistant
Revision Legal, PLLC
8051 Moorsbridge Rd.
Portage, MI 49024
(855) 473-8474
www.revisionlegal.com

**From:** Undisputed Legal Inc <notifications@mail.servemanager.com>
**Date:** Friday, January 9, 2026 at 9:13 AM
**To:** Samantha Arndt <samantha@revisionlegal.com>
**Subject:** [ServeManager] Job #14931120 Update

# Attempted Serve

Undisputed Legal, Inc. shared a service notification with you:

## Details

**Process Server:** Garry N. Sanders 2043161 DCA

**Date & Time:** Jan 8, 2026, 7:58 pm EST

**Service Type:** Bad Address

**Description of Service:**

Door to the owner of the house who noted he is familiar with the name of the company and believes it may have a registered agent in Wyoming.

## Service Address

144-42 JEWEL AVENUE, FLUSHING, NY 11367, QUEENS

## GPS Data

**Mobile Device:** ServeManagerMobile/1.11.5 (153) (iPhone 15 Pro Max/iPhone; iOS/26.2)

**GPS Coordinates:** [40.73036758, -73.82202159](40.73036758, -73.82202159)

**GPS Timestamp:** 1767920291338.1409

---

## Job & Case

**Job:** 14931120

**Priority: Rush**

**Job Type:** Standard

**Due Date:** Jan 8, 2026

**Recipient:** DIAMOND PAINTING, INC.

**Case:** CIVIL ACTION NO. 26-CV-00049-VMS

**Plaintiff:** CC BRAND HOLDINGS, LLC

**Defendant:** DIAMOND PAINTING, INC, ET AL.

**Court:** UNITED STATES DISTICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

**County:**

**Documents:** SUMMONS IN A CIVIL ACTION TO Diamonds Painting, Inc., SUMMONS IN A CIVIL ACTION TO Niko Dulzhikov, COMPLAINT AND DEMAND FOR A JURY TRIAL NOTICE OF MOTION FOR PRELIMINARY INJUNCTION, CERTIFICATE OF SERVICE, MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, CERTIFICATE OF SERVICE, EXHIBITS.

---

## Shared with you by:

Undisputed Legal, Inc.
Undisputed Legal Inc.
PS@undisputedlegal.com
212-203-8001

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.